UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAWN DUGGAN,

    Plaintiffs,

v.                                   Case No: 6:25-cv-2177-JSS-DCI

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
NATIONAL CREDIT SYSTEMS, INC.,
COLUMBIA DEBT RECOVERY, LLC,
IDEAL COLLECTION SERVICES,
INC., ONLINE INFORMATION
SERVICES, INC., BOUNCE AI, INC.,
and LAUNCH SERVICING, LLC,

    Defendants.

_____/

## **ORDER**

Defendant IDEAL Collection Services, Inc. moves to dismiss the amended complaint (Dkt. 72) for lack of standing and failure to state a claim. (Dkt. 86.) Plaintiff, Shawn Duggan, opposes IDEAL's motion. (Dkt. 104.) Upon consideration, for the reasons outlined below, the court denies the motion to dismiss.

## **BACKGROUND**[1]

Plaintiff is an alleged victim of identity theft. (Dkt. 72 ¶ 71.) On May 6, 2025,

---

[1] The court draws the background facts from the amended complaint (Dkt. 72). *See Glynn Env't Coal., Inc. v. Sea Island Acquisition, LLC*, 26 F.4th 1235, 1240 (11th Cir. 2022) (for a standing inquiry at the pleading stage, "accept[ing] as true the allegations in the complaint . . . and draw[ing] all reasonable inferences" in the plaintiff's favor); *Smith v. Casey*, 741 F.3d 1236, 1239 (11th Cir. 2014) (with respect to failure to state a claim, "accept[ing] as true the allegations in the complaint and recit[ing] them in the light most favorable to the plaintiff").

Defendant Trans Union, LLC, a consumer reporting agency (CRA), purportedly received a letter from Plaintiff disputing a tradeline reported on his credit report. (*Id.* ¶ 155.)  Plaintiff claims that Trans Union had received the tradeline from IDEAL, a furnisher of consumer credit information under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681x, and that in response to Plaintiff's letter, Trans Union erroneously verified the tradeline as accurate.  (Dkt. 72 ¶¶ 155, 250.)  According to Plaintiff, as part of its investigative process, Trans Union communicates consumer disputes to furnishers of disputed information, like IDEAL, through an e-OSCAR[2] system.  (*Id.* ¶¶ 58–66.)

Count sixteen[3] of the amended complaint alleges that IDEAL negligently and willfully violated the FCRA, specifically 15 U.S.C. § 1681s-2(b), by "failing to fully and properly investigate Plaintiff's disputes when [IDEAL] failed to review all relevant information provided by the [CRAs]."  (*See* Dkt. 72 ¶¶ 251, 253–54.)  Plaintiff reports that IDEAL's FCRA violations have damaged his credit score.  (*See id.* ¶¶ 157, 252.)  Prior to the counts against Defendants, the amended complaint contains background information regarding, and quotations from, the FCRA, (*see id.* ¶¶ 30–57)—as well as the Florida Consumer Collection Practices Act (FCCPA), (*see id.* ¶¶ 67–70), under

---

[2] Plaintiff reports that in this context, OSCAR stands for Online Solution for Complete and Accurate Reporting.  (Dkt. 72 ¶ 60.)

[3] Plaintiff does not number the counts in the amended complaint.  (*See* Dkt. 72 at 42–67.)  For ease of reference, the court refers to the amended complaint's sole count against IDEAL, (*id.* at 59–60), as count sixteen—the sixteenth count of the twenty-two counts in the amended complaint, by the court's reckoning.  In the future, Plaintiff shall number the counts in his pleadings.  *See Tinsley v. BP Corp. N. Am., Inc.*, 112 F. Supp. 3d 1253, 1261 (N.D. Ala. 2015) ("[C]laims . . . must be set forth in . . . numbered counts . . . .").

which Plaintiff sues other Defendants, *(see, e.g.*, *id.* ¶¶ 214–20, 228–34).  Additionally, the amended complaint includes caselaw purportedly recognizing Plaintiff's asserted injury as sufficient for standing.  (*See id.* ¶ 158.)

## APPLICABLE STANDARDS

Article III of the United States Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (quotation omitted).  To satisfy Article III standing at the pleading stage, the plaintiff must allege facts demonstrating that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  IDEAL challenges only the injury in fact requirement.  (*See* Dkt. 86.)  However, the court has confirmed that the amended complaint satisfies the traceability and redressability requirements, as well: Plaintiff's injuries are fairly traceable to IDEAL's participation in the reportedly deficient investigation regarding his credit dispute and are redressable through the monetary relief that Plaintiff seeks from IDEAL.  (*See* Dkt. 72.)  Because standing implicates subject matter jurisdiction, courts "are obliged to consider standing [issues] sua sponte even if the parties have not raised the issue[s]." *AT&T Mobility, LLC v. NASCAR, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007).

As to the standing issue raised by IDEAL, an injury in fact is "an invasion of a legally protected interest which is [(1)] concrete and particularized, and [(2)] actual or

imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations, footnote, and quotations omitted). Both tangible and intangible harms can constitute concrete injuries. *Nelson v. Experian Info. Sols. Inc.*, 144 F.4th 1350, 1353 (11th Cir. 2025). "Tangible harms include . . . financial loss." *Id.* (quotation omitted). "Intangible harms include . . . 'injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts.'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021)). An injury is "particularized" for standing purposes if it "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 578 U.S. at 339 (quotation omitted).

With respect to failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this rule, a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted and quotation omitted). A complaint that violates Rule 8(a)(2) may be dismissed "where it is virtually impossible to know" the basis of the claims for relief. *See Weiland v. Palm Beach Cnty. Sherriff's Off.*, 792 F.3d 1313, 1325 (11th Cir. 2015) (emphasis and quotation omitted). Relatedly, Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under this rule, a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hunt v. JPMorgan Chase*

*Bank, Nat'l Ass'n*, 770 F. App'x 452, 456 (11th Cir. 2019) (quoting *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008)).  "To survive [such] a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting the claim.  *Twombly*, 550 U.S. at 556.

## ANALYSIS

In its motion to dismiss, IDEAL contends that the amended complaint inadequately alleges Article III standing, particularly the requirement of an injury in fact. (Dkt. 86 at 5–12.)  IDEAL further maintains that the amended complaint fails to state a claim.  (*Id.* at 4–5, 12–15.)  In IDEAL's view, dismissal is warranted on this ground because the amended complaint includes statements and allegations of law in violation of pleading standards, (*id.* at 4–5), and because count sixteen inadequately alleges FCRA elements, (*id.* at 12–15).  The court addresses in turn the three topics of standing, statements and allegations of law, and the FCRA claim.

### A. Standing

The court begins its analysis with standing because "standing is a threshold

jurisdictional question" that "must be explored at the outset of any case." *See Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1228, 1232 (11th Cir. 2019) (alteration adopted and quotation omitted). Plaintiff has alleged an injury in fact sufficient for Article III standing, as he claims that IDEAL's FCRA violations have damaged his credit score. (*See* Dkt. 72 ¶¶ 157, 252.) The Eleventh Circuit has repeatedly held that a damaged credit score suffices as an injury in fact. *See Nelson*, 144 F.4th at 1355 (explaining that a "consumer suffer[s] . . . injur[y] because of a disputed debt that negatively impact[s] his credit score" (quotation omitted)); *Walters v. Fast AC, LLC*, 60 F.4th 642, 648 (11th Cir. 2023) (recognizing a "reduced credit score" as a "concrete economic harm[]" (citing *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1207 (11th Cir. 2019))); *Pedro*, 868 F.3d at 1279–80 (observing that the "harm caused by [an] alleged violation of the [FCRA]—the reporting of inaccurate information about [the plaintiff's] credit to a credit monitoring service—has a close relationship to the harm caused by the publication of defamatory information, which has long provided the basis for a lawsuit in . . . American courts"). The purported damage to Plaintiff's credit score represents a concrete and particularized injury caused by IDEAL's alleged FCRA violations. *See Pedro*, 868 F.3d at 1279–80 (discerning a concrete and particularized injury where the plaintiff alleged inaccurate credit reporting in violation of the FCRA followed by a decrease in her credit score).

Plaintiff lists *Pedro* first among the standing-related cases that he includes in the amended complaint. (Dkt. 72 ¶ 158.) Nonetheless, in its motion, IDEAL fails to acknowledge *Pedro* and other Eleventh Circuit precedent supporting Plaintiff's alleged

injury in fact. (*See* Dkt. 86.) Instead, IDEAL characterizes the alleged injury as a mere "risk of harm" that does not qualify as a concrete harm. (*Id.* at 6 (citing *TransUnion*, 594 U.S. at 436).) However, since *TransUnion*, the Eleventh Circuit has reconfirmed that a damaged credit score caused by inaccurate credit reporting constitutes a "real-world harm." *See Nelson*, 144 F.4th at 1356; *see also Bachiri v. Medicredit, Inc.*, No. 25-10356, 2025 WL 2803798, at *3, 2025 U.S. App. LEXIS 25645, at *7 (11th Cir. Oct. 2, 2025) (reaffirming the injury recognized in *Pedro*). IDEAL also references three Fair Debt Collection Practices Act (FDCPA) cases to support its position. (*See* Dkt. 86 at 7–8, 11–12 (citing, respectively, *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020); *Preisler v. Eastpoint Recovery Grp., Inc.*, No. 20-cv-62268-RAR, 2021 WL 2110794, 2021 U.S. Dist. LEXIS 98515 (S.D. Fla. May 25, 2021); and *Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021)).) However, *Trichell*, *Preisler*, and *Markakos* did not involve allegations of damaged credit scores and are thus distinguishable. *See Trichell*, 964 F.3d at 994–95; *Preisler*, 2021 WL 2110794, at *1, 2021 U.S. Dist. LEXIS 98515, at *1–4; *see also Markakos*, 997 F.3d at 779–80. Further, *Trichell* and *Markakos* support Plaintiff's, not IDEAL's, position. *See Trichell*, 964 F.3d at 997 ("[An] FCRA claim involving not only disclosure of false and sensitive information, but also consequential harms such as a reduced credit score, is . . . actionable." (citing *Pedro*)); *see also Markakos*, 997 F.3d at 780 ("[A]n FDCPA violation might cause harm if it . . . affects a plaintiff's credit . . . ."). Because Plaintiff

sufficiently alleges an injury in fact, along with the other requirements of standing,[4] the motion to dismiss for lack of standing is due to be denied.

## B. Statements and Allegations of Law

Besides advancing a standing argument, IDEAL asks the court to dismiss the amended complaint as containing improper statements and allegations of law and thus, presumably, violating Rule 8(a)(2)'s demand for brevity. (*See* Dkt. 86 at 4–5 (citing *Chevy Chase Bank, F.S.B. v. Carrington*, No. 6:09-cv-2132-Orl-31GJK, 2010 WL 745771, at *4, 2010 U.S. Dist. LEXIS 17724, at *13 (M.D. Fla. Mar. 1, 2010)).) *See Chevy Chase*, 2010 WL 745771, at *4, 2010 U.S. Dist. LEXIS 17724, at *12–13 (alluding to Rule 8(a)(2)). Dismissal of a complaint for failure to comply with this rule is merited when the complaint does not offer the defendants adequate notice of the plaintiff's claims against them and the grounds for the claims. *See Weiland*, 792 F.3d at 1323, 1325. In this case, IDEAL has not established that the inclusion of the statements and allegations of law—namely, the background information on the FCRA and FCCPA and the standing-related caselaw—renders the amended complaint so defective that IDEAL lacks adequate notice respecting Plaintiff's claims. *See id.*

---

[4] "In addition to alleging concrete injuries traceable to [IDEAL]'s purported violation[s] of the FCRA, Plaintiff's asserted harms are fairly redressable in the present lawsuit. As such, there is no doubt [that] Plaintiff has Article III standing in this case." *See Haws v. Santander Consumer USA, Inc.*, No. 1:19-cv-1332, 2019 WL 11469630, at *10, 2019 U.S. Dist. LEXIS 235167, at *30 (N.D. Ga. Oct. 18, 2019), *report and recommendation adopted by* 2020 WL 9597900, at *1, 2020 U.S. Dist. LEXIS 254493, at *1 (N.D. Ga. Jan. 16, 2020); *see also Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1207 (11th Cir. 2019) (indicating that the court's ability to provide the plaintiff relief on his FCRA claims satisfied the redressability requirement of standing); *Scaife v. Nat'l Credit Sys., Inc.*, No. 1:20-cv-379-CLM, 2021 WL 1610620, at *4, 2021 U.S. Dist. LEXIS 79472, at *10–11 (N.D. Ala. Apr. 26, 2021) (concluding that a defendant furnisher's reporting of information to CRAs satisfied the traceability requirement of standing for FCRA claims).

Despite the asserted pleading deficiencies, IDEAL "understood [Plaintiff's] claims well enough to address their merits" in a motion to dismiss. *See Pinson*, 942 F.3d at 1208. Moreover, several other Defendants have managed to answer the amended complaint, demonstrating their ability to discern the necessary information. (Dkts. 82 to 85, 88 to 89, 91, 101, 108.) Because the amended complaint adequately notifies Defendants of Plaintiff's claims and the bases for the claims, the court does not dismiss it based on the statements and allegations of law set forth therein. That said, the court advises Plaintiff to adhere to Rule 8(a)(2)'s command to make "short and plain statement[s]" in any future pleadings. Fed. R. Civ. P. 8(a)(2).

## C. The FCRA Claim

Focusing on Plaintiff's FCRA cause of action against it in particular, IDEAL argues that count sixteen fails to state a claim under 15 U.S.C. § 1681s-2(b) because Plaintiff does not plead that IDEAL received notice of the disputed tradeline from a CRA.[5] (Dkt. 86 at 14–15.) "The FCRA is a consumer protection act that imposes certain duties on CRAs and furnishers of information to CRAs." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) (quotation omitted). "When a consumer disputes information with a CRA, the CRA . . . is required to notify the person or entity that furnished the information that the information has been disputed." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016).

---

[5] IDEAL also asserts that count sixteen fails to state a claim because Plaintiff does not "identify any specific inaccuracy attributable to" IDEAL. (Dkt. 86 at 14.) However, Plaintiff identifies the alleged inaccuracy furnished by IDEAL as "the tradeline IDEAL Collection Service . . . Account #230904172." (Dkt. 72 ¶ 155 (emphasis omitted).)

"Upon receipt of this notice, the furnisher of information must: (1) 'conduct an investigation with respect to the disputed information'; (2) 'review all relevant information provided by the [CRA]' in connection with the dispute; and (3) 'report the results of the investigation to the [CRA].'"  *Id.* (quoting 15 U.S.C. § 1681s-2(b)(1)). "The FCRA . . . provide[s] a private right of action for a violation of [section] 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a [CRA]." *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008); *see Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009); *see also Hunt*, 770 F. App'x at 458 (explaining that a furnisher's investigative duties under section 1681s-2(b) arise only after the furnisher "receiv[es] notification of a dispute from a CRA").

Here, Plaintiff claims to have notified Trans Union, a CRA, of the disputed tradeline allegedly furnished by IDEAL, and he reports that Trans Union then erroneously verified the disputed tradeline as accurate.  (Dkt. 72 ¶ 155.)  Plaintiff further states that Trans Union uses an e-OSCAR system to notify furnishers, like IDEAL, of disputed information as part of Trans Union's investigative process.  (*See id.* ¶¶ 58–66.)   Plaintiff also asserts that IDEAL "fail[ed] to fully and properly investigate Plaintiff's disputes when [IDEAL] failed to review all relevant information provided by the [CRAs]." (*Id.* ¶ 251.)  This assertion, albeit thin, indicates that CRAs provided relevant information to IDEAL, (*see id.*), and when construed in Plaintiff's favor, *see Hunt*, 770 F. App'x at 456, the remainder of the amended complaint permits the reasonable inference that Trans Union notified IDEAL of the dispute involving the IDEAL-furnished tradeline, (*see* Dkt. 72).  Consequently, Plaintiff alleges facts

sufficient to allow the court to conclude that IDEAL received the requisite notice. *See Iqbal*, 556 U.S. at 678; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (explaining that at the pleading stage, the plaintiff need only set forth "enough factual matter (taken as true) to suggest" that the elements of the claim are met (quoting *Twombly*, 550 U.S. at 556)). Count sixteen, therefore, states a plausible claim for relief under section 1681s-2(b). *See Campbell v. Equifax Info. Servs., LLC*, No. 4:18-cv-53, 2019 WL 1332375, at \*5, 2019 U.S. Dist. LEXIS 48999, at \*12–13 (S.D. Ga. Mar. 25, 2019) (denying a Rule 12(b)(6) motion to dismiss because the plaintiff's allegations that the furnisher "failed to conduct a proper investigation" and "failed to review all relevant information available to it and provided" by the CRA sufficed to state a claim under section 1681s-2(b)).

## CONCLUSION

Accordingly:

1. IDEAL's motion to dismiss (Dkt. 86) is **DENIED**.

2. IDEAL shall answer the amended complaint (Dkt. 72) in compliance with Federal Rule of Civil Procedure 12(a)(4)(A).

**ORDERED** in Orlando, Florida, on April 15, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

- 11 -